(45 Misc. Rep. 610)

### HARDLOPER v. WEAVER COAL & COKE CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. BROKERS—RIGHT TO. COMMISSION.

　　Plaintiff ordered coal of defendant, and resold it to A. Defendant refused to deliver it to plaintiff, but agreed with him that it should be billed directly to A., and from the proceeds he should receive all over a certain amount. Defendant then wrote A., confirming the sale to him, and providing for delivery in a certain time, adding: "This, however, you will understand to be subject to　*　*　*　railroad's ability to haul the same." *Held*, that the railroad having been unable to haul the coal, and A. having therefore canceled the order, plaintiff was not entitled to a commission.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lincoln G. Hardloper against the Weaver Coal & Coke Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Joseph A. Arnold, for appellant.
John Callahan, for respondent.

FREEDMAN, P. J. The complaint herein sets forth two causes of action. Upon the trial the plaintiff offered proof upon the second cause only, which was that the plaintiff, as a broker, on December 16, 1902, sold for and on behalf of this defendant 2,000 tons of coal, for which plaintiff was to receive an agreed commission of 12½ cents per ton. His testimony in support of this claim was that on December 16, 1902, he was engaged by the defendant to sell for their account 1,800 or 2,000 tons of coal at $5.72½ per ton, and was to receive as a commission all he could receive for the same over such sum; that he made a sale thereof to the firm of Atwater & Co. at $5.85 per ton; and that defendant failed and refused to deliver the coal to Atwater & Co. The entire transaction, as disclosed by all the testimony, is substantially as follows: On December 16th, aforesaid, the plaintiff, by letter, ordered of the defendant 2,200 tons of coal at a price therein stated to be $5.72½ per ton. This letter was apparently to confirm an alleged agreement previously entered into by plaintiff and one Jacobs, then act-

ing as sales agent for the defendant, in the absence of one Munn, its authorized agent. Upon the return of Munn the day following the letter, the alleged agreement made with Brooks was repudiated, and Munn refused to deliver the coal to plaintiff, alleging his financial responsibility as the reason. The plaintiff insisting upon the alleged agreement with Brooks being carried out, claiming that he had sold the coal at a profit, it was finally agreed between plaintiff and Munn that the coal should be billed by the defendant directly to plaintiff's customer, and from the proceeds realized from the sale the plaintiff should have all over $5.72½ per ton. Thereupon plaintiff gave Munn the name of Atwater & Co. as the parties to whom he had sold the coal, and the defendant then wrote Atwater & Co. the following letter:

"New York, December 18, 1902.

"Messrs. W. C. Atwater & Company., 1 Broadway, New York City—Dear Sirs: We hereby confirm sale made to you under date of Dec. 16th of 1800 to 2200 tons of our 'Kanawha' coal at $5.85 per ton of 2240 lbs. delivered f. o. b. Newport News. Terms of payment, spot cash on presentation of B/L. Above sale through Mr. Hardloper.

"It is understood that the same is to be delivered in about ten (10) days. This however you will understand to be subject to Acts of God and railroad's ability to haul the same.

"Yours very truly,     Weaver Coal and Coke Co.
                                    "E. M. Munn, Gen'l Sales Agent."

The coal was never delivered to Atwater & Co., they having subsequently canceled the sale, owing to defendant's failure to deliver the coal within the agreed time. This failure to deliver was through no fault of defendant, but by reason of the inability of the railroads to transport the same. Up to the time that Munn repudiated the sale of the coal by Brooks to the plaintiff, if an enforceable contract of sale was made, the plaintiff had no claim upon the defendant for commissions as a broker, for he had purchased the coal in his own name, and had sold the same to Atwater & Co., and he, and not Atwater & Co., was liable to the defendant for the purchase price upon delivery of the coal. After the defendant had, through its authorized agent, refused to deliver the coal to plaintiff, his right of profits arising from the sale of the coal to Atwater & Co. could only be based upon the defendant's delivery of the coal to Atwater & Co. as provided for in their letter, and the failure to turn over the profits arising from the proceeds of the sale or defendant's wrongful refusal to deliver to plaintiff's vendee. It will be observed that the sale of the coal by defendant to Atwater & Co. was made subject to the condition "of the railroad's ability to haul the same," and therefore such sale and plaintiff's right to any profits arising therefrom depended upon the nonhappening of a contingency expressly provided for, the happening of which would relieve the defendant from performance. This contingency actually did occur, and therefore the defendant cannot be made liable upon the present state of the facts shown. As the foregoing requires a reversal of the judgment, the other points raised by the appellant need not be considered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.